Chief Justice TOAL.
I concur in Part A of the majority’s opinion, as I agree that section 17-23-175 is constitutional. Further, I agree with the majority that the expert in child abuse assessment may have committed reversible error in this case by attesting to the veracity of the minor child. However, I disagree strongly with the majority’s suggestion in Part B that there is no place for expert testimony by child abuse experts who actually examined the victim in child sex abuse trials.
While the State is not permitted to use experts in RATAC or other methods of forensic interviewing to bolster the minor child’s testimony, it is my opinion that forensic interviewers have a legitimate role to play in these cases, and may be qualified as experts in child abuse assessment.[8] In this setting, forensic interviewers may testify about the particulars of their examinations and their personal observations, and may also testify as experts regarding matters in their expertise, such as delayed disclosure of the abuse. Nothing in our Rules of Evidence or jurisprudence prohibits this type of testimony by qualified experts. As I have noted in previous cases, the majority has again taken our line of cases limiting this kind of expert testimony too far. See State v. Chavis, 412 S.C. 101, 112-14, 771 S.E.2d 336, 342-43 (2015) (Toal, C.J., concurring in part, dissenting in part). Thus, I especially disagree with the majority’s suggestion that the better practice in these cases is to hire an independent expert who has never interviewed the child.[9] Again, the only testimony our cases pre *223 vent is testimony that bolsters the minor child’s testimony. The only error here is that Smith’s testimony did just that. However, the trial court did not err in qualifying Smith as an expert in child abuse assessment, and I am gravely concerned with the majority’s curtailment of this type of expertise.
Although I agree that Appellant’s conviction should be reversed, I disagree strongly with these points in the majority’s reasoning.
KITTREDGE, J., concurs.

. It is well-established across the country that an expert in child abuse assessment may testify regarding behavioral characteristics, such as delayed disclosure of the abuse. I fear that the majority is creating dangerous precedent, whereby a forensic interviewer may not be qualified as an expert in child abuse assessment, for the mere fact that the witness is either a practicing forensic interviewer or the person who examined the victim.

. In other contexts, we have refused to approve of the qualification of an expert who lacked sufficient knowledge about the facts of the particular matter in which the expert was requested to render an *223 opinion. See, e.g., Watson v. Ford Motor Co., 389 S.C. 434, 699 S.E.2d 169 (2010) (finding certain experts should not have been qualified where they lacked sufficient knowledge about the area in which they were called to testify). In this case, we are condemning the proposed expert because she has too much knowledge about the case.